IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM KEEFE, BRADLEY J. SCHMITZ,
MALIA LAPORTA, P.S., M.S., MICHAEL O'GRADY,
I.O., A.O., and M.O.,

       Plaintiffs,

 v.

SCOTT WALKER, BRAD SCHIMEL, MARQUETTE
COUNTY CHILD SUPPORT IV-D AGENCY,
PAM UNGER, BERNARD N. BULT,
JOSEPH R. KONRATH, CHAD HENDEE,
MARQUETTE COUNTY SHERIFF DEPARTMENTS,
JOANNE KLOPPENBURG, JOSEPH RUF III,
ALAN J. WHITE, SUSAN K. RAIMER, COLUMBIA
COUNTY CHILD SUPPORT IV-D AGENCY,
MARATHON COUNTY CHILD SUPPORT IV-D
AGENCY, SCOTT CORBETT,
TAMMY LEVIT-JONES, and TIMOTHY C. HENNEY,

       Defendants.

OPINION & ORDER

17-cv-177-jdp

---

  Pro se plaintiffs William Keefe, Bradley Schmitz, Malia LaPorta, and Michael O'Grady jointly filed this lawsuit on behalf of themselves and their children, in which they allege that they have been injured by various state of Wisconsin and county officials' enforcement of child- and spousal-support laws enacted under Title IV–D of the Social Security Act, 42 U.S.C. § 651, *et seq.* In a March 29, 2018 order, I dismissed plaintiffs' complaint because many of their claims were implausible or barred, and the few claims that might properly be brought in this court did not belong together in the same lawsuit. *See* Dkt. 2. I gave plaintiffs a chance to explain whether they would like to bring their claims in separate lawsuits. *Id.*

  Only plaintiff Michael O'Grady has responded, filing a motion for reconsideration on various aspects of the March 29 order, Dkt. 4, and a proposed amended complaint naming

only himself as a plaintiff, Dkt. 5. There are two problems with these submissions. First, although O'Grady in part asks for reconsideration of the March 29 order on the basis that all plaintiffs together wish to bring a constitutional challenge to various Wisconsin statutes, O'Grady cannot speak for his fellow unrepresented plaintiffs. When multiple unrepresented plaintiffs file a case together, Federal Rule of Civil Procedure 11 requires all of the plaintiffs to sign each paper the plaintiffs submit to the court. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). So right now I cannot tell whether plaintiffs wish to continue to attempt to proceed with this case together, whether they wish to file separate lawsuits, or even whether they still intend to litigate the issues raised in their original complaint.

Second, plaintiff O'Grady faces a filing bar entered by the Court of Appeals for the Seventh Circuit. The court of appeals has sanctioned him as follows:

> Any future suits or appeals tendered in any court of this circuit without prepayment of all applicable fees will be rejected. Moreover, until O'Grady has paid the filing fees already accumulated in his campaign of litigation, the clerks of every court in this circuit will decline to accept additional papers tendered in any suit that may be pending.

*See O'Grady v. Habeck*, No. 11-3881 (7th Cir. Apr. 24, 2012). So this court cannot accept filings submitted by O'Grady unless he has paid off his accumulated debt from his previous cases. If the other plaintiffs wish to continue with the case as a group, they cannot unless O'Grady has paid his outstanding fees, or he withdraws from the case. Even if O'Grady wishes to pursue his own case separately from the other plaintiffs, he cannot unless he has paid his outstanding fees. I will give all of the plaintiffs, including O'Grady, a short time to respond to this order, explaining how they wish to respond to the March 29 order. O'Grady will have a short time to explain whether he has indeed paid off his debt.

ORDER

IT IS ORDERED that:

1. Plaintiff O'Grady may have until July 24, 2018, to respond to this order, explaining whether he has paid off the filing fees that are the subject of the 2012 court of appeals' sanction order.

2. The remaining plaintiffs may have until July 24, 2018 to respond to this court's March 29, 2018 order.

Entered July 10, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge